IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Sherald Anderson, #250152, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 4:16-cv-02462-JMC |
| v. | ) |
| | ) |
| | ) **ORDER AND OPINION** |
| Warden Willie L. Eagleton (Official Capacity), | ) |
| Corporal V. Lovin (Vernon), | ) |
| Officer Doe Lucas, | ) |
| *In Their Individual Capacities*, | ) |
| Defendants. | ) |
| | ) |
| | ) |

This matter is now before the court upon the Report and Recommendation ("Report") (ECF No. 74) filed by United States Magistrate Judge Thomas E. Rogers, III on June 22, 2017. Plaintiff Sherald Anderson ("Plaintiff"), a prisoner at Evans Correctional Institution in the South Carolina Department of Corrections ("SCDC") proceeding *pro se,* filed this action pursuant to 42 U.S.C. § 1983 alleging Eighth and Fourteenth Amendment violations against Defendants Warden Willie L. Eagleton, Officer Corporal V. Lovin (Vernon) ("Officer Lovin"), and Officer Doe Lucas ("Officer Lucas") ( collectively "Defendants"). (ECF No. 1.)

This review considers Defendants' Motion for Summary Judgment (ECF No. 36), the Magistrate Judge's Report (ECF No. 74), Response to Defendants' Motion for Summary Judgment and Cross-Motion for Summary Judgment on Behalf of the Plaintiff (ECF No. 76), Defendants' Objections to Report and Recommendation ("Objections") (ECF No. 79), Defendants' Response in Opposition to Plaintiff's Motion for Summary Judgment (ECF No. 83), Plaintiff's Response in Opposition to Defendants' Objection to the Report and Recommendation (ECF No. 84), and Plaintiff's Response in Opposition to Defendants' Motion for Summary

1

Judgment (ECF No. 86). For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 74) and **DENIES** Defendants' Motion for Summary Judgment (ECF No. 36).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

In Plaintiff's Complaint, he alleges that Officer Lovin sprayed chemical munitions on his face, slammed and hit him on his mouth, and knocked out his front tooth. (ECF No. 1 at 7.) Plaintiff contends that Officer Lucas held him while Officer Lovin administered chemical munitions. (ECF No. 86.) On or about April 4, 2016, Plaintiff was charged with Assault and/or Battery of an SCDC Employee and Threatening an Employee. (ECF No. 36-2.) A disciplinary hearing was held and Plaintiff was found guilty on the assault and/or battery charge. (ECF No. 1-1 at 2.)

On December 27, 2016, Defendants filed a Motion for Summary Judgment. In this Motion, Defendants denied excessive use of force on Plaintiff and claimed Eleventh Amendment Immunity and qualified immunity. (ECF No. 36.) Defendants further state that Defendant Warden Eagleton did not assist in the use of force against Plaintiff. Hence, *Respondeat superior* liability should not be imputed to him. (*Id*.) The Magistrate Judge recommended that Defendants' Motion for Summary Judgment as to Officers Lovin and Lucas be denied based on Eleventh Amendment Immunity and qualified immunity. (ECF No. 74 at 11-12.) However, the Magistrate Judge determined that Plaintiff could sue Officers Lovin and Lucas in their individual capacities for personal liability for their actions under color of state law. (*Id*.) Thus, Plaintiff's Eighth Amendment lawsuit is not treated as a suit against the state. (*Id*.) Next, the Magistrate Judge determined that Officers Lovin and Lucas are not entitled to a qualified immunity defense because "malicious and sadistic use of force for the very purpose of causing pain is always in

2

violation of clearly established law." (*Id*.) The Magistrate Judge recommended that Plaintiff's Eighth Amendment claim against Warden Eagleton be dismissed because Plaintiff did not allege that this defendant was personally involved in the use of force against him. In Plaintiff's Complaint, he did not contend that Warden Eagleton had actual knowledge of any specific harm to him, and then took no corrective actions. (*Id*.)

On July 12, 2017, Defendants filed an objection to the Magistrate Judge's recommendation to deny their Motion for Summary Judgment as to Plaintiff's excessive force claims under the Eighth Amendment on the basis that: (1) Plaintiff was found guilty of assault and/or battery as a result of the alleged incident on April 4, 2016, (2) Plaintiff did not allege that Officer Lucas was involved in the use of force against Plaintiff or caused him any injuries, and (3) Plaintiff's Response to their Motion for Summary Judgment was untimely. (ECF No. 1-1 at 2.) The court finds that it is not necessary to fully address Defendants' third argument as the court finds that Plaintiff's response to Defendants' Motion for Summary Judgment is timely.[1]

## II. LEGAL STANDARDS

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. "The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination." *Wallace v. Hous. Auth*., 791 F. Supp. 137, 138 (D.S.C. 1992) (citing *Matthews v. Weber*, 423 U.S. 261, 271 (1976)). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections

---

[1] The Magistrate Judge granted Plaintiff's Motion for Extension of Time and ordered Plaintiff to respond to Defendants' Motion for Summary Judgment (ECF No. 36) by June, 29, 2017. (ECF No. 71.) The Magistrate Judge issued a Report and Recommendation on June 22, 2017. (ECF No. 74.) Although after the issuance of the Magistrate Judge's Report, on June, 28, 2017, Plaintiff filed a timely Response to Defendants' Motion for Summary Judgment and Cross-Motion for Summary Judgment on Behalf of the Plaintiff (ECF No. 76).

are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact and (2) that he is entitled to judgment as a matter of law. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *See id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## III. ANALYSIS

Because Plaintiff was disciplined for assault and/or battery that arose out of the incident in question, the court will analyze Defendants' Motion for Summary Judgment in light of *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the U.S. Supreme Court held that in order

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal reversed on direct appeal, authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 486-487. The rule in *Heck* has been extended to apply to rulings issued in prison disciplinary proceedings. *See Edwards v. Balisok*, 520 U.S. 641 (1997) (a prisoner's § 1983 claim that prison officials were deceitful and biased during his disciplinary hearing was not cognizable because it necessarily implies the invalidity of the punishment imposed by the prison officials).

### A. <u>Eighth Amendment Claims Under § 1983</u>.

To address Defendants' Objections to the Report, which state that Plaintiff's disciplinary conviction of assault and/or battery is inconsistent with his Eighth Amendment claims, the court must first determine whether Plaintiff's allegations of the use of chemicals munitions and his bodily injuries under § 1983 would implicitly invalidate his conviction. The court records show Plaintiff filed a SCDC Inmate Grievance (Step 1) challenging his disciplinary conviction for his

5

assault and/or battery of a SCDC employee. (ECF No. 1-1.) In Plaintiff's SCDC Inmate Grievance Form (Step 2), Plaintiff reiterates the challenge of his assault and/or battery conviction. (ECF No. 1-1.) However, Plaintiff's SCDC Inmate Grievance Forms do not show whether Plaintiff's Eighth Amendment claims as to Officers Lovin and Lucas were considered in his disciplinary hearing for his assault and/or battery charge.

The U.S. Supreme Court in *Heck* observed that § 1983 unlawful arrest claims fail in cases where "[a] state defendant is convicted of and sentenced for the crime of resisting arrest . . . [because] he would have to negate an element of the offense of which he has been convicted." *Heck* 512 U.S. at 486 n.6. Under South Carolina law, misdemeanor assault and battery involves causing injury or threatening or attempting to cause injury to another. Assault and battery that causes severe injury or that occurs during a statutorily enumerated offense is a felony. S.C. Code Ann. § 16-3-600 (1976, as amended). "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487 (emphasis added).

Not all § 1983 plaintiffs who are criminally liable for the same incident upon which their civil claims are based are barred from bringing a civil rights case. In *Muhammad v. Close*, 540 U.S. 749 (2004), the U.S. Supreme Court reversed a ruling by the Sixth Circuit that a prisoner plaintiff's § 1983 claim was barred by *Heck*. In *Muhammad, the* plaintiff alleged that a prison official charged him with "threatening behavior" after he had an altercation with him. The plaintiff claimed that the prison official subjected him to mandatory lock-up prior to his hearing in retaliation for filing prior grievances and complaints against him. *Id*. at 752-53. After a

6

disciplinary hearing, the plaintiff was found guilty of insolence, a misdemeanor, which did not require him to be locked up prior to the disciplinary hearing. *Id*. at 752. The U.S. Supreme Court ruled that the Sixth Circuit relied on its prior published opinion in *Huey v. Stine,* 230 F.3d 226 (6th Cir. 2000). *Id.* at 753-54. The Supreme Court observed that the Sixth Circuit's decision "was flawed as a matter of fact and as a matter of law." *Id*. at 754. The factual error hinged on the Sixth Circuit's assumption that the plaintiff sought to expunge the misconduct charge from his prison record, which "overlooked the amended complaint that sought no such relief." *Id*. Because the Sixth Circuit's legal error was based on the opinion that "*Heck* applies categorically to all suits challenging prison disciplinary proceedings," the Supreme Court ruled that *Heck* did not bar the plaintiff's claim because his claim did not challenge his ultimate conviction for the lesser charge, insolence, or the state's calculation of his time served. *Id*. at 754-55. Rather, the plaintiff's claim, as to which the rule in *Heck* was inapplicable, was that the prison official retaliated against the plaintiff when he charged him with a greater offense that required mandatory pre-hearing detention. *Id*. at 755.

The court finds that plaintiff's § 1983 claims of excessive force in this matter based on the alleged incident are distinguishable from *Heck*. In *Muhammad*, the U.S. Supreme Court held that *Heck* does not apply to all suits challenging prison disciplinary proceedings, but only to those suits which would, if successful, challenge the validity of the underlying conviction or affect the fact or duration of confinement. *Id*. at 754. Similarly in this case, Plaintiff's § 1983 excessive force claims pursuant to the Eighth Amendment do not challenge his disciplinary conviction of assault and/or battery. (ECF No. 1-1 at 1.) In the Objections, Officers Lovin and Lucas do not contend that Plaintiff's factual allegations of excessive force claims are inconsistent with the validity of his disciplinary convictions of assault and/or battery as in *Heck*. Thus,

7

Plaintiff's Eighth Amendment claims against Officers Lovin and Lucas for his bodily injuries and the spraying of chemical munitions on him would not necessarily imply the invalidity of his disciplinary conviction of assault and/or battery.

B.  **Excessive Force Claim**

Plaintiff contends that Officers Lovin and Lucas applied excessive force on him in violation of the Eighth and Fourteenth Amendments. 42 U.S.C. § 1983 provides a cause of action to individuals whose rights, privileges, or immunities under the Constitution and laws of the United States have been violated by a "person" under color of state law. The Supreme Court, construing § 1983 in conjunction with the Eleventh Amendment, has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege (1) that he or she "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States," and (2) "that the conduct complained of was committed by a person acting under color of state law." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983).

The Eighth Amendment to the United States Constitution prohibits the infliction of "cruel and unusual punishments." U.S. Const., amend. VIII. The Eighth Amendment's proscription of cruel and unusual punishments governs prison officials' use of force against convicted inmates. *Whitley v. Albers*, 475 U.S. 312, 321 (1986). To prove the use of excessive force in violation of the Eighth Amendment, Plaintiff is required to demonstrate that the prison official acted with a sufficiently culpable state of mind (subjective component) and the injury inflicted was sufficiently serious (objective component). *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (citing. *Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991)).

8

To prove the subjective component, Plaintiff must show that an officer acted with a "sufficiently culpable state of mind." *Wilson*, 501 U.S. at 298. The state of mind required in excessive force claims is "wantonness in the infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 322 (1986) "[T]he core judicial inquiry [for excessive force claims] is … whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (citing *Whitley*, 475 U.S. at 321)).

As to the objective component of the test, an injury is "sufficiently serious" if it rises above the level of *de minimis* harm. *Hudson*, 503 U.S. at 9-10 (rejecting the argument that "minor" injuries are not actionable). This rule aligns with "society's expectations" regarding the use of force: if an inmate can show the malevolence required to prove the subjective component, the actual injury suffered as a result of such malevolence need not be great for "contemporary standards of decency [to be] violated." *Id*. at 9. The Fourth Circuit has recognized that

> there may be highly unusual circumstances in which a particular application of force will cause relatively little, or perhaps no, enduring injury, but nonetheless will result in an impermissible infliction of pain. In these circumstances, we believe that either the force used will be of a sort repugnant to the conscience of mankind, and thus expressly outside the *de minimis* force exception, or the pain itself will be such that it can properly be said to constitute more than *de minimis* injury.

*Norman v. Taylor*, 25 F. 3d 1259, 1266 (4th Cir. 1994) (internal citations and quotations omitted) (en banc), cert. denied, 513 U.S. 1114 (1995). *See also Williams v. Benjamin,* 77 F.3d 756, 762 (4th Cir. 1996) n.2 (noting that "courts should be wary of finding uses of force that inflict 'merely' pain but not injury to be *de minimis*, and therefore beyond requiring justification under the Eighth Amendment.").

There are several relevant factors to consider in determining whether constitutionally excessive force was used. These include (1) "the need for the application of force"; (2) "the

9

relationship between that need and the amount of force used"; (3) "the extent of any reasonably perceived threat that the application of force was intended to quell"; and (4) "any efforts made to temper the severity of a forceful response." *Iko,* 535 F. 3d at 238.

Under the first *Iko* factor, "the need for the application of force," Plaintiff states that there was no need for force and that "we usually carry our own drinking cup and eating utensils to the café per policy and sometimes we may have our radio or other personal items on our persons and we keep them on our persons to maintain them from being stolen or what not because our cells are locked when we exit. We are always locked out of our cells and this is why we carry our personal items on us and officers are aware of this." (ECF No. 86.) Conversely, Officers Lovin and Lucas filed Affidavits attesting to the following information. (ECF Nos. 36-2; 83-2.) On April 4, 2016, they saw a big bulge on Plaintiff's jacket pocket, and ordered him to stop and allow him to check his jacket. (*Id*.) However, Plaintiff ignored this order and walked into the Santee A Wing, but was stopped by Officer Lovin near the Officer's phone station. (*Id*.) Officer Lovin ordered Plaintiff a second time to allow him to check his jacket, but Plaintiff said "Fuck that, not today Lovin. I ain't scared of you." (*Id*.) Officer Lucas was standing at the A Wing door when Officer Lovin called Officer Lucas to assist him. (*Id*.) Next, Officers Lovin and Lucas informed Plaintiff to step into the Sally Port so they could check his jacket. (*Id*.) Officer Lucas states that Plaintiff stepped up into Officer Lovin's face, approximately 3 inches away, and said "Fuck You Lovin. I ain't scared of you." (*Id*.) Officer Lovin administered one short burst of chemical munitions to Plaintiff's facial area, and Plaintiff backed up toward Unit Manager Whittington's office. (*Id*.) The Incident Report indicates that Officer Lovin disbursed 8.9 grams of chemical munitions. (ECF No. 36-2 at 10.) Plaintiff ran toward Officer Lovin, grabbed him by his legs, picked him up, and slammed his back into the bulletin board. Officer Lucas then

grabbed Plaintiff by his waist and tried to get him off Officer Lovin. (*Id*.) However, Plaintiff swung Officer Lovin and hit him in the left side of his face. (*Id*.) Officer Lovin started dropping his elbow on Plaintiff's head to try to get him to stop.

These varying versions of the facts present concerns about the need for the use of force. The record demonstrates that Officer Lovin sprayed chemical munitions when Plaintiff failed to comply with the officers' orders and the resulting injuries occurred from such sprayings. A prison official's use of chemical munitions on an inmate to prevent disorder generally does not infringe upon the Eighth Amendment's prohibition against cruel and unusual punishment, as long as the quantity of chemical munitions is commensurate with the gravity of the occasion. *Bailey v. Turner*, 736 F.2d 963, 968 (4th Cir.1984) (italics added). However, whether the use of chemical munitions on an inmate constitutes excessive force depends upon "the totality of the circumstances, the provocation, the amount of gas used, and the purposes for which the gas was used." *Id*. at 969. *See Williams*, 77 F.3d at 763 (the Fourth Circuit reversed a district court's grant of motion for summary judgment where 5.5 grams of mace was sprayed into a prisoner's cells block and medical research showed that six grams of tear gas to be a lethal dose in the confines of a small cell). 'The Eighth Amendment prohibits punishments that are "incompatible with `the evolving standards of decency that mark the progress of a maturing society' ... or which `involve the unnecessary and wanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97, 102-03, (1976) (citations omitted). Plaintiff presents genuine issues of material fact as to whether there was sufficient need for the application of force under prong one of *Iko* factors based on Plaintiff's actions or inactions while being ordered to stop by Officers Lovin and Lucas.

Next, the court weighs the second and third *Iko* factors—"the relationship between that need and the amount of force used" and "the extent of any reasonable perceived threat that the

application of force was intended to quell." The Magistrate Judge determined that the parties stated different versions of the use of force as applied by Officers Lovin and Lucas. (ECF No. 74 at 10.) Plaintiff contends that he was not a threat to the Officers and other inmates and that "the entire altercation was provoked by both officers exgagerat[ing] the need for force." (ECF No. 86 at 2.) Plaintiff alleges Officer Lucas held him down while Officer Lovin beat him on the face. (*Id*.) Plaintiff appears to assert that Officer Lovin sprayed chemical munitions on him in an attempt to get his attention to comply with their directives. (*Id*.) In Plaintiff's Complaint, he attaches Affidavits of individuals attesting their observations of Officer Lovin spraying tear gas on Plaintiff's face and that Officer Lovin elbowed Plaintiff on the face and knocked out his front tooth. (ECF No. 1-1 at 3-5.) Officers Lovin and Lucas attest that they finally got Plaintiff on the ground and handcuffed him. (ECF Nos. 36-2; 83-2.) Plaintiff was charged with Assault and/or Battery of an SCDC Employee and Threatening an Employee. (ECF No. 1-1 at 2.) A disciplinary hearing was held and Plaintiff was found guilty of assault and/or battery charge. (*Id*.) Officers Lovin and Lucas state that any force used was for the purpose of controlling Plaintiff and the force was the minimum amount available to protect the safety of himself, Officer Lovin, the other officers, Plaintiff, and the other inmates. (*Id*.) Based on the evidence presented, the court is unable to determine the second *Iko* factor in Officers Lovin and Lucas' favor. As to the third *Iko* factor, the amount of force that was used or the need for the force applied and whether Plaintiff was a threat to Officers Lovin and Lucas or anyone else when the alleged incident occurred remains a disputed issue of fact.

Finally, the court considers the fourth *Iko* factor—"any efforts made to temper the severity of a forceful response." Officer Lucas attests that Plaintiff was medically treated. (ECF No. 36-2.) In Defendants' Response in Opposition to Plaintiff's Motion for Summary Judgment,

Defendants attach the Affidavit of Officer Lovin restating generally Officer Lucas' attestation, which addresses Plaintiff's claims of bodily injuries and the use of chemical munitions. (ECF No. 83-2 at 2-19.) Officers Lovin and Lucas attest that their actions were not carried out to "maliciously and sadistically" cause harm to Plaintiff. (ECF Nos. 36-2; 83-2.) In support of this response, Defendants attach depictions representing Plaintiff's bodily injuries on his face. (*Id*.) Defendants further attach Plaintiff's medical records, which showed Plaintiff was exposed to chemical munitions, but no vital signs were obtained "due to security issues." (ECF No. 79-1 at 25.) The medical note also shows that Plaintiff was escorted out by security "due to Officer coming to medical w/ injuries." (*Id*.) Based upon the foregoing, viewing the evidence in the light most favorable to Plaintiff, a trier of fact could conclude based on the *Iko* factors that Officers Lovin and Lucas used force wantonly and maliciously for the purpose of causing Plaintiff harm.

To complete the analysis of Plaintiff's § 1983 claim of excessive force, the court assesses Plaintiff's injury. If Plaintiff can show the malevolence required to prove the subjective component, the actual injury suffered as a result of such malevolence need not be great, for "contemporary standards of decency [to be] violated." *Hudson*, 503 U.S. at 9.

Here, Defendants attach depictions representing Plaintiff's bodily injuries on his face. (ECF No. 83-2 at 2-19.) The medical note shows that Plaintiff was escorted out by security "due to Officer coming to medical w/ injuries." (*Id*.) Plaintiff avers that Officer Lucas held him while Officer Lovin beat him on the face and that "Officer Lovin sprayed Plaintiff to attempt to get Plaintiff to comply with directives that were unnecessary." (ECF No. 86.) Plaintiff further alleges that he sustained bodily injuries when Officer Lovin "elbows Plaintiff numerous of times in his mouth and thereby, knocking out Plaintiff's front tooth." (ECF No. 1.) Medical records, submitted by Defendants in support of their Opposition to Plaintiff's Motion for Summary

Judgment show Plaintiff was exposed to chemical munitions, but no vital signs were obtained "due to security issues." (ECF No. 79-1 at 25.) As noted above, the Fourth Circuit has recognized

> there may be highly unusual circumstances in which a particular application of force will cause relatively little, or perhaps no, enduring injury, but nonetheless will result in an impermissible infliction of pain. In these circumstances, we believe that either the force used will be of a sort repugnant to the conscience of mankind, and thus expressly outside the *de minimis* force exception, or the pain itself will be such that it can properly be said to constitute more than *de minimis* injury.

*Norman*, 25 F.3d at 1266 (internal citations and quotations omitted) (en banc), cert. denied, 513 U.S. 1114 (1995). *See also See Williams*, 77 F.3d at 762 n.2 (noting that "courts should be wary of finding uses of force that inflict 'merely' pain but not injury to be *de minimis,* and therefore beyond requiring justification under the Eighth Amendment."). Assessing Plaintiff's averments by this standard, the court finds sufficient evidence to support excessive force claims as to Officers Lovin and Lucas. Thus, Defendants' Objections to the Magistrate Judge's Report with respect to Plaintiff's § 1983 excessive force claims pursuant to the Eighth Amendment are **OVERRULED**.

B.  **Qualified Immunity Defense**

In the Objections, Officers Lovin and Lucas having been sued in their individual capacities assert that they are entitled to a qualified immunity defense, and seek summary judgment on Plaintiff's Eighth Amendment claims. Under the qualified immunity defense, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Cone v. Nettles*, 308 S.C. 109, 417 S.E.2d 523 (1992).

"Qualified immunity ensures that "[o]fficials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines."" *Swagler v. Sheridan*, Civil Action No.: RDB-08-2289, 2011 WL 2746649 (D. Md. July 12, 2011) (citing *Iko,* 535 F.3d at 238.)) "To resolve a qualified immunity defense, the court must (1) determine whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right, and (2) determine whether the right was clearly established at the time of the alleged misconduct." *VanDerHorst v. Hoffer*, C/A No. 0:09-cv-0706-SB-PJG, 2010 WL 1009997, at *2 (D.S.C. Feb. 16, 2010) (citing *Pearson v. Callahan*, 129 S. Ct. 808, 815-16 (2009)). "Courts may address the two prongs of the qualified immunity analysis in whichever order is appropriate in light of the circumstances of the particular case at hand." *Id.*

> To determine whether those rights were clearly established at the time of the violation,
>
> [t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has been previously held unlawful; but it is to say that in light of pre-existing law the unlawfulness must be apparent.

*Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The issue that the court must resolve is whether, at the time the events occurred, the law "gave the officials 'fair warning' that their conduct was unconstitutional." *See Howie v. Prince George's Cty*., Civil Action No. DKC 2006-3465, 2009 WL 2426018, at *7 (D. Md. Aug. 5, 2009) (quoting *Ridpath v. Bd. Of Governors Marshall Univ*., 447 F.3d 292, 313 (4th Cir. 2006)).

The Magistrate Judge determined that Officers Lovin and Lucas are not entitled to qualified immunity. (ECF No. 74 at 12-13.) Officers Lovin and Lucas contend that even if they violated Plaintiff's constitutional rights, which they deny, they are entitled to qualified immunity

because at the time of the alleged violation, Plaintiff's right was not clearly established and they reasonably believed that their actions were lawful. (ECF No. 83 at 6.)

Over a decade ago, the Fourth Circuit held that "[i]t is generally recognized that it is a violation of the Eighth Amendment for prison officials to use mace, tear gas or other chemical agents in quantities greater than necessary or for the sole purpose of infliction of pain." *Williams,* 77 F.3d at 761. (internal quotations omitted) (emphasis added). Therefore, Plaintiff's right to be free from the excessive use of chemical munitions, whether it be pepper spray, mace, or riot gas, was clearly established at the time of this incident.

Taking the facts in the light most favorable to Plaintiff, Plaintiff alleges that Officer Lucas held him while Officer Lovin beat him on the face and that "Officer Lovin sprayed Plaintiff to attempt to get Plaintiff to comply with directives that were unnecessary." (ECF No. 86.) Furthermore, Plaintiff alleges that Officer Lovin "elbows Plaintiff numerous of times in his mouth and thereby, knocking out Plaintiff's front tooth." (ECF No. 1 at 7.) Conversely, Officer Lucas states that Plaintiff stepped up into Officer Lovin's face, approximately 3 inches away. (ECF Nos. 36-2; 83-2.) Next, Officer Lovin administered one short burst of chemical munitions to Plaintiff's facial area. (*Id.*) The Incident Report shows that Officer Lovin disbursed 8.9 grams of chemical munitions. (ECF No. 36-2 at 10.) Because there are material issues of fact with respect to Plaintiff's excessive force claim as to Officers Lovin and Lucas, Officers Lovin and Lucas are not entitled to summary judgment on the issue of qualified immunity because if Plaintiff was gassed in a "quantity greater than necessary or for the sole purpose of infliction of pain," they had "'fair warning' that their conduct was unconstitutional." *Ridpath*, 447 F.3d at 313 (citation omitted). The "limited application of mace may be much more humane and effective than a flesh to flesh confrontation with an inmate." *Williams*, 77 F.3d at 763. Courts must

evaluate the "totality of the circumstances, including the provocation, the amount of gas used, and the purposes for which the gas is used [to] determin[e] the validity of the use ... in the prison environment*." Bailey*, 736 F.2d at 969. As stated above, courts must consider the totality of the circumstances to determine whether the use of chemical munitions rises to the level of a constitutional violation. Accordingly, taken in the light most favorable to Plaintiff, the facts show Officers Lovin and Lucas' conduct may have violated a clearly established constitutional right. Therefore, this court denies Officers Lovin and Lucas' Motion for Summary Judgment on the grounds of qualified immunity.

**C.** *Respondeat Superior* **Liability Claim**

The doctrine of *respondeat superior* does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004). *See also Trulock v. Freeh*, 275 F. 3d 391, 402 (4th Cir. 2001) (no *respondeat superior* liability in a *Bivens* suit). A plaintiff asserting *respondeat superior* liability under 1983 must prove that: (1) the supervisor had actual or constructive knowledge that his or her subordinate was engaged in behavior that posed a pervasive and unreasonable risk of constitutional injury to plaintiff, (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices, and (3) there was an affirmative causal relationship between the supervisor's inaction and particular constitutional injury suffered by the plaintiff. *Shaw v. Stroud*, 13 F. 3d 791, 799 (4th Cir. 1994). The Magistrate Judge determined that Warden Eagleton was not involved in the use of force against Plaintiff. Additionally, Plaintiff does not allege that Warden Eagleton had any actual knowledge of any specific harm to him, yet took no corrective measures. Accordingly, the court accepts the Magistrate Judge's recommendation that Warden Eagleton be dismissed from this matter.

## III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and the record in this case, the court **ACCEPTS** the Report and Recommendation of the Magistrate Judge (ECF No. 74). It is therefore ordered that Defendants' Motion for Summary Judgment (ECF No. 36) is **DENIED**. The court further **DENIES** Defendants' Motion for Summary Judgment as to Defendant Officer Corporal V. Lovin (Vernon) and Defendant Officer Doe Lucas on the basis of qualified immunity and Eleventh Amendment immunity. Finally, Defendant Warden Willie L. Eagleton is **DISMISSED** from this matter.

    **IT IS SO ORDERED.**

*J. Michelle Childs*
J. Michelle Childs
United States District Judge

September 15, 2017
Columbia, SC